UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRANDON T. SHEETS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:14-CV-260 JM |
|  | ) |  |
| CHANTEL SPOHR, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Brandon T. Sheets, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE # 21.) Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d

400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Sheets alleges Nurse Chantel Spohr and Dr. Paul Blusys denied him proper medical care by refusing to give him his prescribed pain medication, Ultram, while he was an inmate at the Noble County Jail. On July 26, 2014, Nurse Spohr told Sheets that the FDA[1] was soon making his prescribed medication, Ultram, a controlled substance and it would no longer be available to him. She told Sheets that he could take Tylenol or ibuprofen instead, which Sheets refused. Sheets asked to speak with Dr. Paul Blusys. Nurse Spohr told him that she would put him on a list to be seen; however, Sheets was never seen by Dr. Blusys. Sheets alleges that Nurse Spohr had lied to him about Ultram becoming unavailable to inmates. Instead, Nurse Spohr simply refused to give him his prescribed medication. Further, Nurse Spohr notified other prisons that Sheets should not be given Ultram because he abuses the medication. Sheets asserts that Nurse Spohr is lying and that he has never abused any prescription medication.

Inmates are entitled to adequate medical care under the Eighth Amendment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with

---

[1] Presumably, Sheets is referring to the Food andl Drug Administration.

[2] Because Sheets was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*.

2

deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained: "[T]he defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted).

For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Sheets the inferences to which he is entitled at this stage, he has alleged that he had a serious medical need that required him to take Ultram while he was housed at the jail. He also alleges facts indicating that Nurse Spohr was personally

3

aware of his medical condition, but discontinued his pain medication without any justification, causing him pain and suffering. Sheets has alleged enough to proceed past the pleading stage against this defendant. Further factual development may show that the denial of Ultram was reasonable, but accepting his allegations as true, he has alleged enough to proceed on a claim against Nurse Spohr.

Sheets' claim against Dr. Blusys is another matter. While he names Dr. Blusys as a defendant, he does not provide any basis for inferring that Dr. Blusys was personally aware of the denial of Sheets' prescription medication or otherwise personally involved in the violation of his rights. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's."). In fact, Sheets admits he never spoke with or met with Dr. Blusys regarding the denial of his prescription medication. As such, Sheets has not stated a claim against Dr. Blusys.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Nurse Spohr in her individual capacity for monetary damages for denying him adequate medical care in violation of the Eighth Amendment;

(2) **DISMISSES** Dr. Paul Blusys;

(3) **DISMISSES** any and all other claims contained in the amended complaint;

4

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on Nurse Spohr pursuant to 28 U.S.C. § 1915(d);

(5) **ORDERS** Nurse Spohr to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: July 1, 2015

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT